# UNITED STATES DISTRICT COURT

for the

District of Utah

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case   4:18-CR-2-DN |
| Jordan Jorge Phillips | ) | |
| *Defendant* | ) | |

**MEMORANDUM DECISION AND ORDER OF DETENTION PENDING TRIAL**

Upon the Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), because defendant is charged with a crime of violence, the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i).

## I.     No Rebuttable Presumption

The Grand Jury Indicted the Defendant with Murder in the Second Degree While Within Indian Country pursuant to 18 U.S.C. §§ 1111(a), 1153(a). The Government contends a rebuttable presumption arises under 18 U.S.C. § 3142(e)(2) because "cases 'described in subsection (f)(1)' of Section 3142 are to have a rebuttable presumption for detention." (ECF No. 14 at 2.) Mr. Phillips contends no rebuttable presumption applies to his case as he does not qualify under either 18 U.S.C. § 3142(e)(2) or (e)(3). (ECF No. 12.) Because the Government only contends 18 U.S.C. § 3142(e)(2) applies, the Court will only address that prong.

Courts refer to the 18 U.S.C. § 3142(e)(2) rebuttable presumption as the previous-violator presumption. United States v. Vorrice, 277 F. App'x 762, 762-63 (10th Cir. 2008) (unpublished). Courts have given this presumption its name because it arises when a defendant has prior criminal convictions of a certain nature in

1

combination with the particular nature of the current charge. Id.; 18 U.S.C. § 3142(e)(2). As correctly noted by the Government § 3142(e)(2) only applies when a person is charged with a crime listed in § 3142(f)(1). In this case, the Defendant is charged with a crime of violence as defined in § 3156(a)(4)(A) because Murder has as one of its elements "killing" which involves the use of physical force against the person of another. Because crimes of violence constitute one of the enumerated crimes in § 3142(f)(1), the presumption in § 3142(e)(2) may apply. Nonetheless, charging someone with a crime listed in § 3142(f)(1) does not automatically give rise to the presumption. The statute clearly reads:

> (2) In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community **if** such judicial officer finds that—
>
> (A) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
>
> (B) the offense described in subparagraph (A) was committed while the person was on release pending trial for a Federal, State, or local offense; **and**
>
> (C) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in subparagraph (A), whichever is later.

18 U.S.C. § 3142(e)(2) (emphasis added). The Government contends that the statue is to be understood "as disjunctive and not in the conjunctive, by its use of the word 'or.'" (ECF No. 14 n. 1.) The statute employs the word "and", not "or", as the connector between the subsections, and the Tenth Circuit has confirmed exactly this reading. Vorrice, 277 F. App'x at 763.

As to subsection § 3142(e)(2)(A), the Defendant has no prior federal conviction. He does have three prior convictions for misdemeanor driving under the influence. These convictions, however, are not for crimes listed in § 3142(f)(1). Section 3142(f)(1) includes violent crimes; certain acts of terrorism with a maximum sentence of ten years or more; crimes with maximum sentence of life or death; drug crimes with a maximum sentence of ten years or more; a felony charge with two prior convictions for violent crimes, drug crimes, or crimes carrying a maximum sentence of life or death; crimes involving minor victims; crimes involving dangerous weapons; or failure to register as a sex offender. Misdemeanor driving under the influence meets none of these categories.

The remainder of the test at subsections (B) and (C) build off of the conviction found to satisfy subsection (A). Specifically the crime satisfying subsection (A) must have occurred while the defendant was on pretrial release for another crime, § 3142(e)(2)(B), and the defendant must have been convicted and released from prison for the crime satisfying subsection (A) within the last five years, § 3142(e)(2)(C). Because Mr. Phillips has no qualifying prior convictions, the rebuttable presumption in § 3142(e)(2) does not arise.

II.     **Clear and Convincing Evidence of Danger to the Community**

The Court shall order detention of a defendant pending trial if it finds "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Government has the burden of proving the defendant poses an uncontrollable risk of danger to the community by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B).

3

Importantly, nothing in the statute modifies or limits the presumption of the defendant's innocence prior to trial. 18 U.S.C. § 3142(j). "'The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.'" Taylor v. Kentucky, 436 U.S. 478, 483 (1978) (quoting Coffin v. United States, 156 U.S. 432, 453 (1895)).

In making its determination at the detention hearing, the Court must consider the following factors: the nature and circumstances of the charged offense, the weight of the evidence against the Defendant, the history and characteristics of the Defendant—including his character, physical and mental condition, family ties, employment, financial resources, length of residence in community, community ties, past conduct, history of substance abuse, crime, and court appearances, whether the defendant was on probation, parole, or release pending trial, sentencing, appeal, or completion of a sentence—and the nature and seriousness of danger posed by the person's release. *See* 18 U.S.C. § 3142(g).

**A. The nature and circumstances of the charged offense**

The Grand Jury Indicted the Defendant with Murder in the Second Degree While Within Indian Country pursuant to 18 U.S.C. §§ 1111(a), 1153(a). The Defendant is accused of driving while intoxicated and losing control of his vehicle, which resulted in the death of his passenger. According to the Government's proffer, the Defendant's mother attempted to stop the Defendant from driving at the convenience store by blocking his vehicle with hers, but he evaded her. The Defendant fled the scene, but the Navajo Police apprehended him five hours later. When the Defendant learned of

the Federal Warrant in this matter, he made contact with authorities and turned himself in voluntarily.

**B. The weight of the evidence against the Defendant**

According to the Government's proffer, the Defendant confessed to drinking approximately seven beers before driving the vehicle with a passenger in it and crashing it. Mr. Phillips's blood alcohol level was .196 g/dL at the time of testing, and he attributes the cause of the crash to his drinking.

**C. The history and characteristics of the Defendant**

The Defendant lives with his family and has periodic employment. The Defendant abuses alcohol and attends Alcoholics Anonymous to address the issue with varying degrees of success. He could return to live with his family in district, who commit to driving him anywhere he needs to go and agree not to let him drive. He has three children in Arizona who is has regular contact with. Mr. Phillips anticipates reemployment this spring in the oil industry and cares for the family's multiple horses. He has lived in the community his whole life. Mr. Phillips has three prior DUI convictions—one in 1999, one in 2011, and the last from March 2017. Mr. Phillips was on probation from this last DUI when the alleged crime occurred. With the first two convictions, Mr. Phillips appeared to all court hearings and complied with all conditions. With the most recent conviction, Mr. Phillips failed to appear for a probation revocation hearing following this incident but contends he did not have notice of the hearing.

**D. The nature and seriousness of danger posed by the person's release**

The danger posed by Mr. Phillips's release is the same as the alleged crime: namely, Mr. Phillips will drink alcohol and drive creating a risk to the community. This is a serious risk, given the instant offence resulted in death.

All of these factors weigh in favor of detention. Conditions which restrict Defendant's travel, personal contacts, and possession of alcohol, and/or firearms; require reporting, education, employment, alcohol testing, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released. Specifically, that Mr. Phillips admits to having driven his car after drinking seven beers while on probation from a prior DUI, that he was participating in AA at the time, and that he continued to drive after his mother took great efforts to prevent him from driving persuades this Court by clear and convincing evidence that no combination of conditions it could put in place would prevent Mr. Phillips from drinking to excess and driving while on release.

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community

### III. Directions Regarding Detention

The Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 10th day of April, 2018.

BY THE COURT:

*Evelyn J. Furse*
Evelyn J. Furse
United States Magistrate Judge